IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM GARDNER,

      Plaintiff,

v.                                                           No. 1:25-cv-00730-SCY

NEW MEXICO BOARD OF
DENTAL HEALTH, *et al.*,

      Defendants.

## SCREENING ORDER

This matter comes before the Court on *pro se* Plaintiff's Verified Complaint for Violations of the New Mexico Civil Rights Act, Section 1983 Claims, Prima Facie Claim of Civil Aiding, Abetting, Civil Conspiracy, FOIA/IPRA Violations for Damages and Injunctive Relief, Doc. 1, filed August 1, 2025 ("Complaint"), and Plaintiff's Motion for Leave by the Court to Use PACER System, Doc. 2, filed August 1, 2025 ("Motion to File Electronically").

**Order to Cure Deficiency**

Federal law provides that the Clerk of Court "require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350 . . .[and] such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. §§ 1914(a, b).[1] The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such

---

[1] The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, *see* 28 U.S.C. §1914, and a $55.00 administrative fee.

[person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

Plaintiff has not paid the $405.00 fee or filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). Plaintiff must either pay the fee or file Application. The Clerk's Office mailed the form "Application to Proceed in District Court Without Prepaying Fees or Costs, (Long Form)" to Plaintiff on August 1, 2025.

## Order to Show Cause

According to Plaintiff's Complaint, Defendant New Mexico Board of Dental Health revoked Plaintiff's dental license effective January 1, 2020. *See* Complaint at 5. In 2023 and 2024, Plaintiff applied for reinstatement of his license through Defendant New Mexico Regulation and Licensing Department, but the Defendant Board denied his application for reinstatement. *See* Complaint at 6, 11. Plaintiff asserts due process claims pursuant to 42 U.S.C. § 1983 and claims pursuant to state law. *See* Complaint at 12, 22. Plaintiff asserts those claims against the State of New Mexico, the New Mexico Board of Dental Health ("Board"), the New Mexico Department of Justice ("DOJ"), the New Mexico Regulation and Licensing Department ("RLD"), and some employees of those state agencies in their official capacity. *See* Complaint at 1 & 12 ¶ 38. Plaintiff seeks compensatory and punitive damages, reinstatement of his dental license, an order enjoining Defendants "from undertaking any unlawful actions against" Plaintiff, and a stay of "all unconstitutional orders by the Defendants." Complaint at 23.

The Court has identified several deficiencies in the Complaint, described below, and orders Plaintiff to show cause why the Court should not dismiss this case. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023-WL-4560223 *2 (10th Cir.

July 17, 2023) ("Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause.") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

1. Jurisdictional Defects

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction."); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988)).

First, it appears that the Court does not have jurisdiction over Plaintiff's claims for monetary damages against the Defendants. "Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment." *Levy v. Kansas Dept. of Social and Rehabilitation Services*, 789 F.3d 1164, 1169 (10th Cir. 2015); *see also Turner v. National Council of State Boards of Nursing, Inc.*, 561 F. App'x 661, 665 (10th Cir. 2014) ("[Eleventh Amendment] immunity extends to arms of the state and state officials who are sued for damages in their official capacity") (citing *Peterson v. Martinez,* 707 F.3d 1197, 1205 (10th Cir. 2013)). "However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states":

> First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.

*Id.* (citing *Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir. 2012) (internal citations omitted and altered)). In this case, there are no factual allegations showing that any of the three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states apply to Plaintiff's claims for monetary damages against the State of New Mexico, the Board, the DOJ, the RLD, and the individual Defendants in their official capacities. That is, although Plaintiff alleges that individual Defendants are included in this lawsuit pursuant to *Ex parte Young*, Complaint at 4-5, he seeks not just prospective relief, but also monetary damages. Complaint at 4-5, 23.

Second, it appears that the Court does not have jurisdiction over Plaintiff's claims for injunctive relief against the Defendants. "[F]or the *Ex parte Young* exception to apply, plaintiffs must show that they are: (1) suing state officials rather than the state itself, (2) alleging an ongoing violation of federal law, and (3) seeking prospective relief." *Clark v. Haaland*, 2024 WL 4763759 *4 (10th Cir.) (quoting *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012)). Thus, the *Ex parte Young* exception does not apply to the State, the Board, the DOJ or the RLD because they are not state officials. As to the individual Defendants in their official capacities,

> *Ex parte Young* created an exception under which individuals can sue state officers in their official capacities if the lawsuit seeks prospective relief for an ongoing violation of federal law. To come within this exception, the state official must have some connection with the enforcement of the challenged statute. Though the official need not have a special connection to the unconstitutional act or conduct, they must have a particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty.

*Free Speech Coalition, Inc. v. Anderson*, 119 F.4th 732, 736 (10th Cir. 2024) (internal citations and quotation marks omitted). Plaintiff has not shown that the *Ex parte Young* exception applies to any of the individual Defendants because there are no allegations in the Complaint showing

4

which, if any, of the individual Defendants have a duty to enforce the revocation of Plaintiff's dental license and have demonstrated a willingness to enforce that duty.

Third, it appears the Court may lack jurisdiction over this case pursuant to the *Younger* abstention doctrine. The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings . . . when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999); *see also D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("*Younger* abstention is jurisdictional") (citing *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n.3 (1998)). In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state . . . civil . . . proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citations omitted). *Younger*, however, only applies in three "exceptional" categories of state proceedings: "when the state proceedings are (1) criminal prosecutions; (2) certain civil enforcement proceedings; or (3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Covington v. Humphries*, No. 24-1158, 2025 WL 1448661, at *3 (10th Cir. May 19, 2025) (citation modified). "If and only if the state court proceeding falls within one of these enumerated exceptional types of cases . . . *may* courts analyze the propriety of abstention under *Younger*." *Id.* (citation modified).

Here, Plaintiff states he appealed the denial of reinstatement of his license to the state district court. *See* Complaint at 7, ¶ 11 (referencing *Gardner v. New Mexico Board of Dental Healthcare*, No. D-101-CV-202301228). State court records indicate Plaintiff's appeal in state

5

court is ongoing. *See* https://caselookup.nmcourts.gov/caselookup/app. It appears that *Younger* applies because the State's proceeding resulting in revocation of Plaintiff's license and denial of his application for reinstatement is quasi-criminal in nature. *See Roshan v. McCauley*, 130 F.4th 780, 783 (9th Cir. 2025) (*Younger* abstention applies to disciplinary proceeding regarding real estate license "[b]cause a license [is] at issue and could be suspended or revoked, the state proceedings . . .[a]re 'quasi-criminal'") (quoting *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 618 (9th Cir. 2003)); *see also Wassef v. Tibben*, 68 F.4th 1083, 1088 (8th Cir. 2023) (concluding "the Board's ongoing physician disciplinary proceeding against Wassef is quasi-criminal in nature and thus qualifies for *Younger* abstention as a matter of law").

The Court therefore orders Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction pursuant to Eleventh Amendment immunity and *Younger*. If Plaintiff asserts the proceedings resulting in revocation of his dental license and denial of his application for reinstatement of his license are not quasi-criminal for purposes of *Younger*, Plaintiff must cite legal authority in support of his assertion. Plaintiff must also file copies of the order revoking Plaintiff's license and any other documents describing the reasons for the revocation and denial of reinstatement.

2. Duplicative Case

It also appears that this case is duplicative of another case recently filed by Plaintiff in state court which Defendants removed to this Court. *See Gardner v. New Mexico Board of Dental Health*, No. 1:25-cv-00421-SMD-SCY ("*Gardner I*"). The present case appears to arise from the same facts giving rise to *Gardner I* (i.e., alleged due process violations related to Plaintiff's application for reinstatement of his license), names some of the same Defendants named in

*Gardner I* along with a few additional Defendants, asserts many of the same claims, and seeks relief similar to the relief Plaintiff seeks in *Gardner I*.

"District courts have discretion to control their dockets by dismissing duplicative cases." *Katz v. Gerardi*, 655 F.3d 1212, 1217-18 (10th Cir. 2011) (citing *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976) ("As between federal district courts . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation.")). "District courts are accorded a great deal of latitude and discretion in determining whether one action is duplicative of another, but generally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions"; "A district court, as part of its general power to administer its docket, 'may stay or dismiss a suit that is duplicative of another federal court suit.'" *Park v. TD Ameritrade Trust Co., Inc.*, 461 F. App'x 753, 755 (10th Cir. 2012) (quoting *Serlin v. Arthur Andersen & Co.,* 3 F.3d 221, 223 (7th Cir.1993) and *Curtis v. Citibank, N.A.,* 226 F.3d 133, 138 (2d Cir. 2000)).

The Court orders Plaintiff to show cause why it should not stay or dismiss this case because it is duplicative of *Gardner I*. If Plaintiff asserts the Court should not dismiss this case as duplicative of *Gardner I*, Plaintiff's response must clearly indicate any significant differences between the Complaint in this case and the operative complaint in *Gardner I*.

3. Amendment

If Plaintiff agrees with the Court's analysis regarding these deficiencies in his complaint and believes these deficiencies may be remedied through an amended complaint, rather than show cause, he may amend his complaint. The amended complaint must identify each Defendant Plaintiff is asserting claims against and clearly state what each Defendant did to Plaintiff. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158,

1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated.") (emphasis in original). The amended complaint must also comply with the Federal and Local Rules of Civil Procedure. *See*, *e.g.*, Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs").

### Order Granting Motion to File Electronically

Plaintiff moved for permission to file electronically via CM/ECF, Doc. 2, which the Court grants in this case only. *See* Guide for Pro Se Litigants at 13, District of New Mexico (October 2022) ("approval to electronically file documents within a case must be granted by the presiding judge for each case in which the *pro se* litigant wishes to file using their CM/ECF account"). The Court will revoke permission to file electronically if Plaintiff abuses his electronic filing privilege or fails to comply with the rules and procedures in the District of New Mexico's Guide for Pro Se Litigants and the District of New Mexico's CM/ECF Administrative Procedures Manual. Account registration forms, procedure manuals, and other information can be obtained at the Court's website at http://www.nmd.uscourts.gov/filing-information. This Order only grants Plaintiff permission to participate in CM/ECF; Plaintiff is responsible for registering to become a participant. *See* CM/ECF Administrative Procedures Manual, District of New Mexico (Revised June 2024).

### Case Management

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 F. App'x 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

### Compliance with Rule 11

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

9

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion for Leave by the Court to Use Pacer System (Doc. 2) is GRANTED and Plaintiff has permission to file electronically via CM/ECF in this case.

2. Plaintiff shall, within 21 days of entry of this Order, either pay the $405.00 fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). Failure to timely pay the $405.00 fee or file an Application may result in dismissal of this case.

3. Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case for lack of jurisdiction or (b) file an amended complaint. Failure to timely show cause or file an amended complaint may result in dismissal of this case.

4. Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not stay or dismiss this case as duplicative of *Gardner v. New Mexico Board of Dental Health*, No. 1:25-cv-00421-SMD-SCY.

*/s/ Steve Yarbrough*
**UNITED STATES MAGISTRATE JUDGE**