IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM GARDNER,

      Plaintiff,

v.                                                                No. 1:25-cv-00730-SMD-SCY

NEW MEXICO BOARD OF DENTAL HEALTH, *et al.*,

      Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**
**AND ORDER TO SHOW CAUSE**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Verified Complaint for Violations of the New Mexico Civil Rights Act, Section 1983 Claims, Prima Facie Claim of Civil Aiding, Abetting, Civil Conspiracy, FOIA/IPRA Violations for Damages and Injunctive Relief, Doc. 1, filed August 1, 2025 ("Complaint").

Defendant New Mexico Board of Dental Health revoked Plaintiff's dental license effective January 1, 2020. *See* Complaint at 5. In 2023 and 2024, Plaintiff applied for reinstatement of his license through Defendant New Mexico Regulation and Licensing Department. *See* Complaint at 6. Plaintiff alleges that Defendant Board denied his application for reinstatement and now asserts due process claims pursuant to 42 U.S.C. § 1983 and claims pursuant to state law. *See* Complaint at 11-12, 22. Plaintiff asserts those claims against the State of New Mexico, the New Mexico Board of Dental Health ("Board"), the New Mexico Department of Justice ("DOJ"), the New Mexico Regulation and Licensing Department ("RLD"), and some employees of those state agencies in their official and individual capacities. *See* Complaint at 1, at 12, ¶ 38. Plaintiff seeks compensatory and punitive damages, reinstatement of his dental license, an order enjoining Defendants "from undertaking any unlawful actions against" Plaintiff, and a stay of "all unconstitutional orders by the Defendants." Complaint at 23.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir.1988).

United States Magistrate Judge Steven C. Yarbrough identified the following jurisdictional defects in the Complaint:

(i) It appears that the Court does not have jurisdiction over Plaintiff's claims for monetary damages against the State of New Mexico, the Board, the DOJ, the RLD, and the individual Defendants in their official capacities due to Eleventh Amendment sovereign immunity;

(ii) It appears that the Court does not have jurisdiction over Plaintiff's claims for injunctive relief against the State of New Mexico, the Board, the DOJ, the RLD, and the individual Defendants in their official capacities because Plaintiff has not shown that the *Ex parte Young* exception to Eleventh Amendment immunity applies to any of the individual Defendants;

(iii) It appears the Court may lack jurisdiction over this case pursuant to the *Younger* abstention doctrine due to Plaintiff's ongoing appeal of the denial of reinstatement of his license. The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999); *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004)

> ("*Younger* abstention is jurisdictional") (citing *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n.3 (1998)).

*See* Order to Show Cause at 3-6, Doc. 4, filed August 12, 2025.  Judge Yarbrough ordered Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction pursuant to Eleventh Amendment immunity and *Younger*.  *See* Order to Show Cause at 6.

Judge Yarbrough also notified Plaintiff that:

> It also appears that this case is duplicative of another case recently filed by Plaintiff in state court which Defendants removed to this Court.  *See Gardner v. New Mexico Board of Dental Health*, No. 1:25-cv-00421-SMD-SCY ("*Gardner I*").  This case appears to arise from the same facts giving rise to *Gardner I* (i.e., alleged due process violations related to Plaintiff's application for reinstatement of his license), names some of the same Defendants named in *Gardner I* along with a few additional Defendants, asserts many of the same claims, and seeks relief similar to the relief Plaintiff seeks in *Gardner I*.
>
> "District courts have discretion to control their dockets by dismissing duplicative cases."  *Katz v. Gerardi*, 655 F.3d 1212, 1217-18 (10th Cir. 2011) (citing *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976) ("As between federal district courts ... though no precise rule has evolved, the general principle is to avoid duplicative litigation.")).  "District courts are accorded a great deal of latitude and discretion in determining whether one action is duplicative of another, but generally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions;" "A district court, as part of its general power to administer its docket, 'may stay or dismiss a suit that is duplicative of another federal court suit.'" *Park v. TD Ameritrade Trust Co., Inc*., 461 Fed.Appx. 753, 755 (10th Cir. 2012) (quoting *Serlin v. Arthur Andersen & Co.,* 3 F.3d 221, 223 (7th Cir.1993) and *Curtis v. Citibank, N.A.,* 226 F.3d 133, 138 (2d Cir. 2000)).

Order to Show Cause at 6-7.  Judge Yarbrough ordered Plaintiff to show cause why the Court should not stay or dismiss this case because it is duplicative of *Gardner I*.  See Order to Show Cause at 7.

Judge Yarbrough ordered Plaintiff to either show cause why Court should not dismiss this case, or file an amended complaint, by September 2, 2025.  *See* Order to Show Cause at 10 (notifying Plaintiff that failure to timely show cause or file an amended complaint may result in

3

dismissal of this case). Plaintiff did not show cause or file an amended complaint by the September 2, 2025, deadline.

The Court concludes it does not have jurisdiction over this case because it appears this case is jurisdictionally barred by Eleventh Amendment immunity and *Younger* and Plaintiff failed to timely show that this case should not be dismissed for lack of jurisdiction.

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

### ORDER TO SHOW CAUSE

Plaintiff has filed nine cases in this Court. *See Gardner v. Dept. of Energy*, No. 1:24-cv-00268-KWR-SCY (dismissed for failure to state a claim); *Gardner v. New Mexico*, No. 1:24-cv-01305-WJ-JFR (dismissed for lack of jurisdiction); *Gardner v. United States*, No. 1:25-cv-00198 KWR-JFR (dismissed for failure to comply with Order to Show Cause regarding jurisdiction, failure to state claim, and claims duplicative of those in another case); *Gardner v. United States*, No. 1:25-cv-483-KG-GJF (dismissed for failure to comply with Order to pay filing fee, to show cause why claims should not be dismissed and to file an amended complaint); *Gardner v. New Mexico*, No. 1:25-cv-00485-KWR-GBW (dismissed for lack of jurisdiction); *Gardner v. Coldwell Banker*, No. 25-cv-684-SCY (pending); *Gardner v. New Mexico*, No. 1:25-cv-00730-SMD-SCY (this case; dismissed for lack of jurisdiction after Plaintiff failed to comply with Order to Show Cause); *Gardner v. Levy*, No. 1:25-cv-820-SCY (pending); *Gardner v. New Mexico*, No. 1:25-cv-00873-JHR (pending).

In his six cases that have been dismissed, Plaintiff has filed complaints that failed to state a claim or failed to show the Court had jurisdiction over his claims. Plaintiff has also failed to comply with the Court Orders and has filed cases that appear to be duplicative of other cases pending at the time. The Court finds that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such filings and orders Plaintiff to show cause why the Court should not impose filing restrictions.

**Court's Power to Impose Filing Restrictions**

The United States Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir.1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the ... court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati,* 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

**Proposed Filing Restrictions**

The Court proposes to impose the following filing restrictions on Plaintiff:

Plaintiff will be enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to not file any additional submissions by Plaintiff in this case other than

5

objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing.

Plaintiff also will be enjoined from initiating future litigation in this Court and the Clerk will be directed to not file any initial pleading that Plaintiff submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*.  *See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994).

To obtain permission to proceed *pro se* in this Court, Plaintiff must take the following steps:

1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

2. The affidavit must be notarized, be in proper legal form and recite the claims that Plaintiff seeks to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties.  The affidavit must certify that, to the best of Plaintiff's knowledge, Plaintiff's claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that Plaintiff will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure.  If Plaintiff's claims have previously been raised or Plaintiff has previously sued the defendants, the affidavit must certify that the proposed new suit does not present the same claims that this or any other court has decided and explain why the new suit would not be an abuse of the system;

3. The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading and the copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant Plaintiff's petition to proceed *pro se* in the new

civil case. *See* Mem. Op. and Order, Doc. 21 at 6-9, filed in *In re Billy L. Edwards*, No. 15cv631 MCA/SMV (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*). If the Magistrate Judge approves Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall enter an order indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If the Magistrate Judge does not approve Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to the new case.

**IT IS ORDERED** that:

(i) This case is **DISMISSED without prejudice.**

(ii) Within fourteen (14) days from entry of this Order, Plaintiff shall show cause why this Court should not enter the proposed filing restrictions described above. Plaintiff's written objections to the proposed filing restrictions shall be limited to 10 pages. If Plaintiff does not timely file objections to the proposed filing restrictions, the proposed filing restrictions shall take effect fourteen (14) days from the date of this order and will apply to any matter filed after that time. If Plaintiff timely files objections, restrictions will take effect only upon entry of a subsequent order.

**UNITED STATES DISTRICT JUDGE**