IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM GARDNER,

      Plaintiff,

v.                                            No. 1:25-cv-00730-SMD-SCY

NEW MEXICO BOARD OF DENTAL HEALTH, *et al.*,

      Defendants.

**ORDER REOPENING CASE,
ORDER TO FILE ELECTRONICALLY
AND ORDER TO RESPOND TO ORDER TO SHOW CAUSE**

Defendant New Mexico Board of Dental Health revoked Plaintiff's dental license effective January 1, 2020. *See* Complaint at 5, Doc. 1, filed August 1, 2025. In 2023 and 2024, Plaintiff applied for reinstatement of his license through Defendant New Mexico Regulation and Licensing Department. *See* Complaint at 6. Plaintiff, who is proceeding *pro se*, alleges that Defendant Board denied his application for reinstatement and now asserts due process claims pursuant to 42 U.S.C. § 1983 and claims pursuant to state law. *See* Complaint at 11-12, 22. Plaintiff asserts those claims against the State of New Mexico, the New Mexico Board of Dental Health ("Board"), the New Mexico Department of Justice ("DOJ"), the New Mexico Regulation and Licensing Department ("RLD"), and some employees of those state agencies in their official and individual capacities. *See* Complaint at 1, at 12, ¶ 38. Plaintiff seeks compensatory and punitive damages, reinstatement of his dental license, an order enjoining Defendants "from undertaking any unlawful actions against" Plaintiff, and a stay of "all unconstitutional orders by the Defendants." Complaint at 23.

United States Magistrate Judge Steven C. Yarbrough identified some jurisdictional defects in the Complaint and ordered Plaintiff to show cause why the Court should not dismiss this case

for lack of jurisdiction pursuant to Eleventh Amendment immunity and *Younger*. *See* Order to Show Cause at 3-6, Doc. 4, filed August 12, 2025. Judge Yarbrough also notified Plaintiff that it appears that this case is duplicative of another case recently filed by Plaintiff in state court which Defendants removed to this Court, *Gardner v. New Mexico Board of Dental Health*, No. 1:25-cv-00421-SMD-SCY ("*Gardner I*"), and ordered Plaintiff to show cause why the Court should not stay or dismiss this case because it is duplicative of *Gardner I*. *See* Order to Show Cause at 6-7.

After Plaintiff did not show cause or file an amended complaint by the September 2, 2025, deadline, the Court dismissed this case for lack of jurisdiction. *See* Order of Dismissal, Doc. 6, filed September 26, 2025.

On October 6, 2025, Plaintiff filed an Objection to the Court's Order of Dismissal and a Motion for Clarification of the status of the case. *See* Plaint[i]ff's Response to [Order of] Dismiss[al] Without Prejudice and Reinstat[e]ment of Case, Doc. 8 ("Objection"); Plaintiff's Motion to Court for Clarification of Status of Case, Doc. 9 ("Motion for Clarification"). Plaintiff states, among other things, that he did not receive the Order to Show Cause.

The Court sustains in part Plaintiff's Objection based on his statement that he did not receive the Order to Show Cause. The Court grants in part his Motion for Clarification of the status of this case. This case is reopened. The Court denies Plaintiff's request for a hearing for clarification of the status of this case.

The Court overrules the portion of Plaintiff's Objection and denies the portion of Plaintiff's Motion for Clarification that state "Plaintiff has not been granted PACER access in this case number, and has been severely prejudice[d] and his [sic] held in an entrapment scenario." Objection at 3; Motion for Clarification at 1. The Court granted Plaintiff's motion to file electronically via CM/ECF. *See* Doc. 4 at 8, filed August 12, 2025. Plaintiff has recently been filing electronically in his other cases. *See*, *for example*, Amended Complaint and Response, Doc's

2

18 and 24, filed electronically on August 25 and September 17, 2025, in *Gardner v. Coldwell Banker Legacy LLC*, No. 1:25-cv-00684-WJ-SCY; Plaintiff's Motion for Emergency Prospective Injunctive Relief, Doc. 23, filed electronically on June 19, 2025, in *Gardner v. New Mexico*, No. 1:25-cv-00485-KWR-GBW.

The Court overrules the portion of Plaintiff's Objection and denies the portion of Plaintiff's Motion that indicate the Order to Show Cause was sent to an incorrect address due to a clerical error. *See* Objection at 2; Motion for Clarification at 2. Plaintiff states a Clerk's Office staff member told Plaintiff that the Clerk's Office had an incorrect Albuquerque address even though his complaint had the correct California address. *See* Objection at 2. The incorrect Albuquerque address was on the complaint Plaintiff filed in state court which was later removed to this Court in *Gardner I*. The Notices of Electronic Filing in this case show that all filed documents in this case, including the Order to Show Cause, were mailed to Plaintiff at his California address.

To avoid any future issues regarding non-delivery of mailed documents, the Court orders Plaintiff, who as discussed above electronically files documents in his other cases, to file documents electronically in this case. *See* Doc. 4, filed August 12, 2025 (granting Plaintiff's motion to file documents electronically). Notices of all filed documents will then be electronically mailed to Plaintiff instead of the documents being delivered by the United States Postal Service.

**IT IS ORDERED** that:

(i)  Plaint[i]ff's Response to [Order of] Dismiss[al] Without Prejudice and Reinstat[e]ment of Case, Doc. 8, filed October 6, 2025, is **SUSTAINED in part** and **OVERRULED in part** as discussed above. This case is **REOPENED.**

(ii) Plaintiff's Motion to Court for Clarification of Status of Case, Doc. 9, filed October 6, 2025, is **GRANTED in part** and **DENIED in part** as discussed above.

(iii)   Plaintiff shall, within 21 days of entry of this Order, comply with the Order to Show Cause, Doc. 4, filed August 12, 2025. Failure to timely comply with the Order to Show Cause may result in dismissal of this case.

(iv)   Plaintiff shall, effective immediately, file all documents electronically. Failure to file electronically may result in sanctions including dismissal of this case.

(v)   The Clerk shall mail a copy of this Order to Plaintiff certified, return receipt. The Clerk shall also email a copy of this Order to Plaintiff at: Wcgardner1@gmail.com.

_____
UNITED STATES DISTRICT JUDGE