IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM GARDNER,

        Plaintiff,

v.                                                                                  No. 1:25-cv-00730-SMD-SCY

STATE OF NEW MEXICO,
NEW MEXICO BOARD OF DENTAL HEALTH,
CHARLES SCHUMACHER, in his official capacity,
JENNIFER THOMPSON, in her official capacity,
LAUREN CUNNINGHAM, in her official capacity,
JEFFREY WEATON, in his official capacity,
MELISSA BARBARA, in her official capacity,
DAVID WARREN, in his official capacity,
BURRELL TUCKER, in his official capacity,
JOLYNN GALVIN, in her official capacity,
DENISE MYRICK, in her official capacity,
HOLLY BEAUMONT, in her official capacity,
NEW MEXICO DEPARTMENT OF JUSTICE,
DELILIA TENORIO, in her official capacity,
NEW MEXICO REGULATION AND LICENSING DEPARTMENT, and
ROBERTA PEREA, in her official capacity,

        Defendants.

## SECOND[1] MEMORANDUM OPINION AND ORDER OF DISMISSAL

Defendant New Mexico Board of Dental Health revoked *pro se* Plaintiff's dental license effective January 1, 2020. *See* Verified Complaint for Violations of the New Mexico Civil Rights Act, Section 1983 Claims, Prima Facie Claim of Civil Aiding, Abetting, Civil Conspiracy, FOIA/IPRA Violations for Damages and Injunctive Relief at 5, Doc. 1, filed August 1, 2025 ("Complaint"). In 2023 and 2024, Plaintiff applied for reinstatement of his license through Defendant New Mexico Regulation and Licensing Department. *See* Complaint at 6. Plaintiff

---

[1] The Court dismissed this case after Plaintiff failed to respond to an Order to Show Cause. *See* Order of Dismissal, Doc. 6, filed September 26, 2025. The Court reopened this case after Plaintiff claimed he never received the Order to Show Cause via the United States Postal Service. *See* Order Reopening Case, Doc. 10, filed October 20, 2025.

alleged that Defendant Board denied his application for reinstatement and now asserts due process claims pursuant to 42 U.S.C. § 1983 and claims pursuant to state law. *See* Complaint at 11-12, 22. Plaintiff asserts those claims against the State of New Mexico, the New Mexico Board of Dental Health ("Board"), the New Mexico Department of Justice ("DOJ"), the New Mexico Regulation and Licensing Department ("RLD"), and some employees of those state agencies. *See* Complaint at 1, at 12, ¶ 38. Plaintiff seeks compensatory and punitive damages, reinstatement of his dental license, an order enjoining Defendants "from undertaking any unlawful actions against" Plaintiff, and a stay of "all unconstitutional orders by the Defendants." Complaint at 23.

United States Magistrate Judge Steven C. Yarbrough notified Plaintiff that Plaintiff bears the burden of alleging facts that support jurisdiction and identified the following jurisdictional deficiencies in the Complaint:

(i) It appears that the Court does not have jurisdiction over Plaintiff's claims for monetary damages against the State of New Mexico, the Board, the DOJ, the RLD, and the individual Defendants in their official capacities due to Eleventh Amendment sovereign immunity.

(ii) It appears that the Court does not have jurisdiction over Plaintiff's claims for injunctive relief against the State of New Mexico, the Board, the DOJ, the RLD, and the individual Defendants in their official capacities because Plaintiff has not shown that the *Ex parte Young* exception to Eleventh Amendment immunity applies to any of the Defendants.

(iii) It appears the Court may lack jurisdiction over this case pursuant to the *Younger* abstention doctrine due to Plaintiff's ongoing appeal in state court of the denial of reinstatement of his license.

*See* Order to Show Cause at 3-6, Doc. 4, filed August 12, 2025.  Judge Yarbrough ordered Plaintiff to either show cause why the Court should not dismiss this case for lack of jurisdiction pursuant to Eleventh Amendment immunity and *Younger* or file an amended complaint that remedies the deficiencies.  *See* Order to Show Cause at 6-7.

Plaintiff filed an Amended Complaint seeking monetary damages, "reinstatement of the Plaintiff's professional dental license" and an order "prohibiting Defendants from undertaking any unlawful actions against [Plaintiff] to the detriment of his Constitutional right to procedural and substantive due process and immediate [s]tay of all unconstitutional orders by the Defendants." Amended Verified Complaint for Violations of the New Mexico Civil Rights Act, Section 1983 & 1985 Claims, Prima Facie Claim of Civil Aiding, Abetting, Civil Conspiracy, FOIA/IPRA Violations for Damages and Injunctive Relief at 26-27, Doc. 11, filed November 5, 2025 ("Amended Complaint").

**Eleventh Amendment Immunity**

"Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment." *Levy v. Kansas Dept. of Social and Rehabilitation Services*, 789 F.3d 1164, 1169 (10th Cir. 2015). "However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states":

> First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.

*Id.* (citing *Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir. 2012) (internal citations omitted and altered)); *see also Turner v. National Council of State Boards of Nursing, Inc.*, 561 F. App'x 661, 665 (10th Cir. 2014) ("[Eleventh Amendment] immunity extends to arms

of the state and state officials who are sued for damages in their official capacity") (citing *Peterson v. Martinez,* 707 F.3d 1197, 1205 (10th Cir. 2013)).

"[F]or the *Ex parte Young* exception to apply, plaintiffs must show that they are: (1) suing state officials rather than the state itself, (2) alleging an ongoing violation of federal law, and (3) seeking prospective relief." *Clark v. Haaland*, 2024 WL 4763759 *4 (10th Cir.) (citing *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012)).

> To determine whether "*Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002) (quotation marks omitted). "[T]he exception is narrow: It applies only to prospective relief, [and it] does not permit judgments against state officers declaring that they violated federal law in the past...." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc*., 506 U.S. 139, 146, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993).
>
> Catanach sought relief from past harms, i.e., relief from [state-court judge] Thomson's past rulings on his motions for recusal and for summary judgment and his failure to grant an expedited hearing or to require the City to issue a surety bond with its application for an injunction. The district judge was correct—these claims do not allege an ongoing violation of federal law and the *Ex parte Young* exception to Eleventh Amendment immunity does not apply.

*Catanach v. Thomson*, 718 Fed.Appx. 595, 598-99 (10th Cir. 2017).

Plaintiff asserts claims pursuant to 42 U.S.C. §§ 1983 and 1985 and states Section 1983 "eliminated the defense of sovereign immunity" but has not shown that the United States Congress abrogated the State's sovereign immunity by enacting those statutes. Amended Complaint at 23, ¶ 96. "[S]tates may not be sued in federal court . . . unless Congress, pursuant to a valid exercise of power, *unequivocally expresses* its intent to abrogate [Eleventh Amendment] immunity." *Collins v. Daniels*, 916 F.3d 1302, 1315 (10th Cir. 2019) (emphasis added). Sections 1983 and 1985 do not unequivocally express Congress' intent to abrogate States' Eleventh Amendment sovereign immunity. "[T]he United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Ruiz v.*

4

*McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)).

Plaintiff has not shown that the State of New Mexico has consented to suit in this Court. Plaintiff alleges that the New Mexico Civil Rights Act "eliminated the defense of sovereign immunity." Amended Complaint at 23, ¶ 96. The New Mexico Civil Rights Act waives sovereign immunity for claims for deprivations of rights pursuant to the New Mexico Constitution brought in state court; it does not waive sovereign immunity for claims for deprivations of rights brought in this United States Court. *See* N.M.S.A. §§ 41-4A-3(B)[2] and 41-4A-9.[3]

Plaintiff has not shown that the *Ex parte Young* exception applies. Plaintiff asserts the *Ex parte Young* exception applies because "Plaintiff is suing the Defendants who are NM state officers acting in their official capacities and as individuals as the complaint alleges an ongoing violation of federal law." Amended Complaint at 12. Amended Complaint at 26-27. There are no factual allegations describing any ongoing administrative proceedings in which Defendants are depriving Plaintiff of his due process rights. Plaintiff's request for reinstatement of his dental license is not a request for prospective relief; it is a request for relief from past alleged harms.

***Younger* Abstention**

---

[2]"A person who claims to have suffered a deprivation of any rights, privileges or immunities *pursuant to the bill of rights of the constitution of New Mexico* due to acts or omissions of a public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body may maintain an action to establish liability and recover actual damages and equitable or injunctive relief *in any New Mexico district court*." N.M.S.A. § 41-4A-3(B) (emphasis added).

[3]"The state shall not have sovereign immunity for itself or any public body within the state *for claims brought pursuant to the New Mexico Civil Rights Act*, and the public body or person acting on behalf of, under color of or within the course and scope of the authority of the public body provided pursuant to the New Mexico Civil Rights Act shall not assert sovereign immunity as a defense or bar to an action." N.M.S.A. § 41-4A-9 (emphasis added).

Plaintiff states he appealed the denial of reinstatement of his license to the state district court. *See* Amended Complaint at 7-8, ¶ 11 (referencing *Gardner v. New Mexico Board of Dental Healthcare*, No. D-101-CV-202301228). Plaintiff also indicates his appeal in state court is ongoing. *See* Amended Complaint at 25, ¶ 107.

The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999); *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("*Younger* abstention is jurisdictional") (citing *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n.3 (1998)). In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citations omitted).

> In addition to the foregoing elements, the Supreme Court has further limited *Younger* to three categories. In *New Orleans Public Service, Inc. v. Council of the City of New Orleans*, 491 U.S. 350 (1989), the Court, drawing from its previous *Younger* decisions, said the doctrine applies when the state proceedings are (1) "criminal prosecutions," *id.* at 368; (2) certain "civil enforcement proceedings," *id.* (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975); *Trainor v. Hernandez*, 431 U.S. 434, 444 (1977); *Moore v. Sims*, 442 U.S. 415, 423 (1979)); or (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions," *id.* (citing *Juidice v. Vail*, 430 U.S. 327, 336 n.12 (1977); *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 13 (1987)).

*Covington v. Humphries*, No. 24-1158, 2025 WL 1448661 *3 (10th Cir. May 19, 2025); *Travelers Cas. Ins. Co. of America v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1317 (10th Cir. 2024) (stating "[p]ossibility of *Younger* abstention is triggered only when state proceeding falls into one of the

6

following categories: . . . (2) civil enforcement proceedings [that take on quasi-criminal shape] . . .") (brackets in original). It appears that *Younger* applies because the State's proceeding resulting in revocation of Plaintiff's license and denial of his application for reinstatement is quasi-criminal in nature. *See Roshan v. McCauley*, 130 F.4th 780, 783 (9th Cir. 2025) (*Younger* abstention applies to disciplinary proceeding regarding real estate license "[b]cause a license [is] at issue and could be suspended or revoked, the state proceedings ...[a]re 'quasi-criminal'") (quoting *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 618 (9th Cir. 2003)); *Wassef v. Tibben*, 68 F.4th1083, 1088 (8th Cir. 2023) (concluding "the Board's ongoing physician disciplinary proceeding against Wassef is quasi-criminal in nature and thus qualifies for *Younger* abstention as a matter of law").

Plaintiff's only argument against the application of *Younger* states "the Younger abstention doctrine has been trumped by *stare*[] *d*[*eci*]*sis* via *Patsy v. Board of Regents* and the detail[ed] explanation *supra*." Amended Complaint at 25, ¶ 104. Plaintiff states that "*Patsy v. Board of Regents* established that exhaustion of *state remedies* is not a prerequisite for a Section 1983 claim." Amended Complaint at 24, ¶ 101 (emphasis added). In *Patsy*, the United States Supreme Court held that "exhaustion of state *administrative* remedies should not be required as a prerequisite to bringing an action pursuant to § 1983." *Patsy v. Board of Regents,* 457 U.S. 496, 516 (1982) (emphasis added). *Patsy* did not address the applicability of *Younger* for ongoing civil enforcement proceedings appealed to state district court.

Plaintiff has not shown that *Younger* does not apply to this case. This case arises from alleged due process violations during administrative proceedings related to the revocation of Plaintiff's license and denial of Plaintiff's request to have the license reinstated. The ongoing proceeding against Plaintiff regarding his license is quasi-criminal in nature and therefore qualifies for *Younger* abstention. The state proceedings involve an important state interest, the licensing of

7

dentists, which looks to state law for resolution. Plaintiff has not shown that the state court does not provide an adequate forum to hear his claims regarding alleged due process violations during the administrative proceedings.

**Conclusion**

Plaintiff has not shown that any of the exceptions to Eleventh Amendment immunity apply in this case and has not shown that *Younger* is not applicable to this case. The Court concludes it does not have jurisdiction over this case.

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

Plaintiff filed a Motion for Discovery Conference, Doc. 14, filed December 2, 2025, and a Motion for Change of Venue, Doc. 15, filed December 3, 2025. The Court denies both Motions because the Court is dismissing this case.

**IT IS ORDERED** that:

(i)   This case is **DISMISSED without prejudice.**

(ii)  Plaintiff's Motion for Discovery Conference, Doc. 14, filed December 2, 2025, is **DENIED.**

(iii) Plaintiff's Motion for Change of Venue, Doc. 15, filed December 3, 2025, is **DENIED.**

**UNITED STATES DISTRICT JUDGE**