IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM GARDNER,

        Plaintiff,

v.                                                                             No. 1:25-cv-00730-SMD-SCY

STATE OF NEW MEXICO,
NEW MEXICO BOARD OF DENTAL HEALTH,
CHARLES SCHUMACHER, in his official capacity,
JENNIFER THOMPSON, in her official capacity,
LAUREN CUNNINGHAM, in her official capacity,
JEFFREY WEATON, in his official capacity,
MELISSA BARBARA, in her official capacity,
DAVID WARREN, in his official capacity,
BURRELL TUCKER, in his official capacity,
JOLYNN GALVIN, in her official capacity,
DENISE MYRICK, in her official capacity,
HOLLY BEAUMONT, in her official capacity,
NEW MEXICO DEPARTMENT OF JUSTICE,
DELILIA TENORIO, in her official capacity,
NEW MEXICO REGULATION AND LICENSING DEPARTMENT, and
ROBERTA PEREA, in her official capacity,

        Defendants.

## **ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER**

This case arises in part from Defendants' failure to reinstate *pro se* Plaintiff's revoked dental license. *See* Verified Complaint for Violations of the New Mexico Civil Rights Act, Section 1983 Claims, Prima Facie Claim of Civil Aiding, Abetting, Civil Conspiracy, FOIA/IPRA Violations for Damages and Injunctive Relief at 5, Doc. 1, filed August 1, 2025 ("Complaint").

United States Magistrate Judge Steven C. Yarbrough ordered Plaintiff to either show cause why the Court should not dismiss this case for lack of jurisdiction or file an amended complaint. *See* Order to Show Cause at 3-7, Doc. 4, filed August 12, 2025.

The Court dismissed this case because Plaintiff did not show cause or file an amended complaint by the September 2, 2025, deadline. *See* Order of Dismissal, Doc. 6, filed September 26,

2025. The Court reopened this case after Plaintiff objected to the dismissal stating that he did not receive the Order to Show Cause which the Clerk's Office mailed to Plaintiff via the United States Postal Service. *See* Order Reopening Case, Doc. 10, filed October 20, 2025 (ordering Plaintiff to respond to the Order to Show Cause).

Plaintiff electronically filed an Amended Complaint on November 5, 2025. *See* Doc. 11; Order to Show Cause at 4, 10 (granting Plaintiff's motion to file electronically using CM/ECF); Order Reopening Case at 3 (ordering Plaintiff, who electronically files documents in his other cases, to file documents electronically in this case). Plaintiff also electronically filed a motion to transfer this case to the United States District Court in Las Cruces, New Mexico. *See* Motion for Change of Venue, Doc. 15, filed December 3, 2025.

The Court subsequently dismissed this case for lack of subject-matter jurisdiction and denied Plaintiff's Motion for Change of Venue based on the Court's dismissal of this case. *See* Second Order of Dismissal, Doc. 16, filed December 29, 2025.

On January 10, 2026, Plaintiff filed a Motion to Reconsider the Order of Dismissal, Doc. 18, and a Notice of Appeal, Doc. 19. The United States Court of Appeals for the Tenth Circuit abated the appeal pending this Court's disposition of Plaintiff's Motion to Reconsider. *See* Doc. 23, filed January 13, 2026.

Plaintiff asks the Court to reconsider its Second Order of Dismissal because "Plaintiff's failure to Respond was due to excusable neglect arising from defective service," i.e. "the Court's failure to serve Plaintiff with the show cause order by physical mail." Motion to Reconsider at 3. Plaintiff states he "never received the show cause order by mail and never consented to electronic service" and the "Court's failure to provide Plaintiff with proper notice by physical mail violated Plaintiff's constitutional right to due process." Motion to Reconsider at 4.

The Court denies Plaintiff's Motion to Reconsider. The Court properly served Plaintiff by mailing the Order to Show Cause to Plaintiff. A paper is served under Rule 5 by "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(2)(C). The Court mailed the Order Reopening this case, which ordered Plaintiff to respond to the Order to Show case, to Plaintiff via certified mail, return receipt. The returned receipt states the Order Reopening this case was "unclaimed." Doc. 13, filed November 18, 2025. The Court also emailed the Order Reopening this case to Plaintiff's email address that he uses for electronic filing. Furthermore, Plaintiff did not fail to respond to the Order to Show Cause. Plaintiff timely filed an Amended Complaint which states Plaintiff "amends the complaint in accordance with" the Order to Show Cause. Amended Complaint at 1, Doc. 11, filed November 5, 2025.

Plaintiff states he never consented to electronic service. Plaintiff filed a motion seeking permission to file electronically. *See* Doc. 2, filed August 1, 2025. The Court granted Plaintiff permission to file electronically. *See* Doc. 4, filed August 12, 2025.

Plaintiff incorrectly states "[t]his case was dismissed for Plaintiff's alleged failure to respond to a show cause order." Motion to Reconsider at 1. The Court, in its Second Order of Dismissal, did not dismiss this case based on Plaintiff's failure to respond to the Order to Show Cause; the Court dismissed this case for lack of jurisdiction.

Plaintiff also asserts relief is warranted under Rule 60(b)(6) for extraordinary circumstances stating:

> This Court has now dismissed this case twice in rapid succession—first in October 2025, requiring reinstatement (Doc. 10), and now again in December 2025. This pattern suggests a rush to clear the docket rather than a careful consideration of Plaintiff's rights.

Motion to Reconsider at 4. The first dismissal was based on Plaintiff's failure to respond to the Order to Show Cause. After Plaintiff objected, the Court reopened this case and gave Plaintiff

3

another opportunity to respond to the Order to Show Cause. The second dismissal was entered after the Court's careful consideration of Plaintiff's Amended Complaint and the relevant law. The Court did not enter the first or second dismissal in "a rush to clear the docket." *See* Fed. R. Civ. P. 1 (stating the Court should construe, administer and employ the Federal Rules of Civil Procedure "to secure the just, *speedy*, and inexpensive determination of every action") (emphasis added).

      Plaintiff asserts another circumstance justifying relief from the Second Dismissal Order is the Court's dismissal of this case "without addressing Plaintiff's venue concerns" which "creates an appearance of impropriety." Motion to Reconsider at 4. In his Motion to Change Venue, Plaintiff asserts "there is bias or prejudice in the original court that would prevent a fair trial" and that he "is required to actively prosecute this case in accordance with federal rules of civil procedure, but has been blocked at every corner." Doc. 15 at 2-3. The Court denied Plaintiff's Motion to Change Venue because it was dismissing this case, not because of bias or prejudice. *See United States v. Wells*, 873 F.3d 1241, 1252 (10th Cir. 2017) ("adverse rulings cannot in themselves form the appropriate grounds for disqualification"). Plaintiff has not set forth any factual grounds that would cause a reasonable, objective person, knowing all the relevant facts, to question the undersigned's impartiality. *See United States v. Martinez*, 92 F.4th 1213, 1255 (10th Cir. 2024) ("The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom . . . the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue"). Plaintiff sought a change of venue stating:

> he has requested a jury trial and it is expected that most of jury pools have a connection with familial name and connection with the Defendants in Albuquerque and Santa Fe. The fundamental constitutional right in the United States is to a fair trial by an impartial jury.

Motion to Change Venue at 3. The impartiality of a jury pool for a trial in Albuquerque or Santa Fe is not relevant in this case because the Court has determined it does not have jurisdiction over

4

this case. Furthermore, because the undersigned sits in Las Cruces, any trial in this case would be held in Las Cruces.

Finally, Plaintiff states he has a related case pending before this Court, No. 1:25-cv-421-SMD-SCY, which presents the same federal question of law" which "further supports Plaintiff's venue concerns and the need for fairness." Motion to Reconsider at 5. Plaintiff does not explain why the related case supports the Court's jurisdiction over this case.

**IT IS ORDERED** that Plaintiff's Motion to Reconsider Order of Dismissal, Doc. 18, filed January 10, 2026, is **DENIED.**

_____
UNITED STATES DISTRICT JUDGE