**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

WILLIAM GARDNER,

Plaintiff,

v. No. 1:25-cv-00730-SMD-SCY

NEW MEXICO BOARD OF DENTAL HEALTH, *et al.*,

Defendants.

**MEMORANDUM OPINION AND ORDER REGARDING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT, EMERGENCY MOTION FOR INJUNCTIVE RELIEF AND ORDER REGARDING SERVICE**

**THIS MATTER** comes before the Court on:

(i) Plaintiff's Opposed Motion for Leave to "File Second Amended Complaint Pursuant to Fed. R. Civ. P. 15(a)(2) and, in the Alternative, Fed. R. Civ. P. 15(d), Doc. 28, filed October 2, 2026;

(ii) Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, Request for Expedited Briefing and Hearing, and Memorandum in Support, Doc. 30, filed November 1, 2026;

(iii) Plaintiff's Supplement to His Pending Motion for Leave to File Second Amended Complaint (Doc. 28): Events of October 30, 2026, Doc. 31, November 1, 2026; and

(iv) Plaintiff's Motion for Expedited Ruling or, in the Alternative, for a Status Conference, Doc. 35, filed November 17, 2026.

**Procedural Background**

Plaintiff, who is proceeding *pro se*, filed his original Complaint on August 1, 2025. See Doc. 1. The Court dismissed this case on September 26, 2025, after Plaintiff failed to comply with

United States Magistrate Judge Steven C. Yarbrough's Order to either show cause why the Court should not dismiss this case or file an amended complaint. *See* Order of Dismissal, Doc. 6. The Court reopened this case on October 20, 2025, based on Plaintiff's assertion that he did not receive Judge Yarbrough's Order. *See* Order Reopening Case, Doc. 10.

Plaintiff filed an Amended Complaint on November 5, 2025, asserting claims against the New Mexico Board of Dental Health and its members, the New Mexico Department of Justice and one of its officials, and the New Mexico Regulation and Licensing Department and one of its officials, based on Defendants' failure to reinstate Plaintiff's revoked dental license. *See* Doc. 11. The Court dismissed this case a second time after concluding that Plaintiff has not shown that any of the exceptions to Eleventh Amendment immunity apply and that *Younger* abstention does not apply to this case. *See* Second Order of Dismissal, Doc. 16, filed December 29, 2025.

Plaintiff appealed the second dismissal of this case on January 10, 2026. *See* Notice of Appeal, Doc.19. The United States Court of Appeals for the Tenth Circuit vacated the portion of this Court's judgment dismissing Plaintiff's claims against the state officials seeking reinstatement of his dental license but otherwise affirmed the Court's judgment. *See* Mandate, Doc. 29, filed October 1, 2026. Plaintiff subsequently filed the motions now before the Court.

**Order Granting Motion for Leave to File Second Amended Complaint**

Plaintiff seeks leave to file a second amended complaint pursuant to Rules 15(a)(2) and 15(d) of the Federal Rules of Civil Procedure stating his proposed second amended complaint omits the claims the dismissal of which the Tenth Circuit affirmed and adds allegations regarding relief the Tenth Circuit "observed was absent from the" amended complaint and regarding events occurring after entry of this Court's judgment. *See* Motion for Leave to File Second Amended Complaint at 3. Rule 15(a)(2) states "[t]he court should freely give leave [to amend] when justice

so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(d) allows "a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Plaintiff later filed a motion to supplement his motion for leave to file a second amended complaint to address events that occurred after Plaintiff filed his motion for leave to file a second amended complaint. None of the Defendants have appeared in this case.

The Court grants Plaintiff's motion for leave to file a second amended complaint and his motion to supplement his motion for leave to file a second amended complaint. Plaintiff's second amended complaint must address the events that are the subject of Plaintiff's motion to supplement his motion for leave to file a second amended complaint.

**Order Denying Emergency Motion for Injunctive Relief**

Plaintiff seeks:

> a temporary restraining order, entered upon the Court's earliest review, restraining Defendants from taking any further action on Plaintiff's application except the review and decision the law commands, and from reconvening the abandoned October 30 proceeding; a preliminary injunction directing Defendants to reinstate License No. DD1867, or in the alternative to perform the 16.5.16.13(E) NMAC review within **five days** on the existing record and issue a written decision with findings of fact and conclusions of law . . .

Motion for Injunctive Relief at 8 (emphasis in original).

The Court denies Plaintiff's motion for a temporary restraining order and preliminary injunction because Plaintiff has not shown that the Court has personal jurisdiction over Defendants. *See Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-235 (1916) (in suit seeking injunction against officers of labor union, district court erred in granting injunction against successors to union officers who had not been served with process and had not appeared in action). "Until the court has established personal jurisdiction [over a party], any assertion of judicial power

over the party violates due process." *Estate of Beauford v. Mesa County, Colorado*, 35 F.4th 1248, 1277 (10th Cir. 2022) (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706 (1982); *Compañía de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1292 (10th Cir. 2020) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.") (quoting *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).

"[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Compañía de Inversiones Mercantiles, S.A.*, 970 F.3d at 1292 (quoting *Omni*, 484 U.S. at 104). "[J]urisdiction over a party may [also] be conferred upon a court ... by voluntary appearance of a party." *Estate of Beauford v. Mesa County, Colorado*, 35 F.4th 1248, 1277 (10th Cir. 2022); *see also BNSF Ry. Co. v. Tyrrell*, — U.S. —, 137 S. Ct. 1549, 1556 (2017) ("[A]bsent consent, a basis for service of a summons on the defendant is prerequisite to the exercise of personal jurisdiction.") (brackets added)).

As discussed below, the docket for this case does not show that Plaintiff has had Defendants served with a summons and complaint or that Defendants have voluntarily appeared.

**Order Denying Motion for Expedited Ruling or for a Status Conference**

Plaintiff moves the Court for expedited ruling on his pending motions for leave to file a second amended complaint, Doc. 28, for injunctive relief, Doc. 30, and to supplement his motion for leave to file a second amended complaint, Doc. 31, or, in the alternative, for a status conference. *See* Doc. 35. The Court, having ruled on Plaintiff's pending motions, Doc's 28, 30 and 31, denies Plaintiff's motion for expedited rulings or a status conference as moot.

**Order Regarding Service**

On December 18, 2025, the Clerk issued summonses as to, among others, Jennifer Thompson, Jeffrey Wheaton, Lauren Cunningham, Holly Beaumont and Kevin McMahon, who were named as Defendants in the original Complaint and are named as Defendants in Plaintiff's proposed second amended complaint.

> If a defendant is not served within 90 days after the complaint is filed the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Excluding the time between the first dismissal of this case and the Order reopening this case, and the time after the second dismissal of this case, approximately 125 days have passed since Plaintiff filed his original Complaint, which is well beyond the 90-day limit for service. *See Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006) ("the [90]–day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint"). The docket for this case does not show that Plaintiff has had Defendants Jennifer Thompson, Jeffrey Wheaton, Lauren Cunningham, Holly Beaumont and Kevin McMahon served with a summons and complaint or that these Defendants have voluntarily appeared. *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit").

Mark Pacheco, Sarah Usher, Valerie Althoff, Ani Humberson and Jen Rodriguez are named as Defendants in the proposed second amended complaint but were not named as Defendants in the original Complaint or the Amended Complaint. Consequently, the 90-day limit for serving

Defendants Pacheco, Usher, Althoff, Humberson and Rodriguez does not begin until Plaintiff files his second amended complaint. Defendants Pacheco, Usher, Althoff and Humberson are members of the New Mexico Board of Dental Health Care and Defendant Rodriguez is Division Counsel for the Boards and Commissions Division of the New Mexico Regulation and Licensing Department, are named in the proposed second amended complaint apparently as successors of the Board Members and RLD official named in the Amended Complaint.

The Court orders Plaintiff to, within 30 days of filing of the second amended complaint, either: (i) serve each Defendant named in the second amended complaint and file proof of service; or (ii) file proof that they have previously been served. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)). Proof of service must be by the server's affidavit. *See* Fed. R. Civ. P. 4(l)(1).

**IT IS ORDERED** that:

(i) Plaintiff's Opposed Motion for Leave to "File Second Amended Complaint Pursuant to Fed. R. Civ. P. 15(a)(2) and, in the Alternative, Fed. R. Civ. P. 15(d), Doc. 28, filed October 2, 2026, is **GRANTED.**

(ii) Plaintiff's Supplement to His Pending Motion for Leave to File Second Amended Complaint (Doc. 28): Events of October 30, 2026, Doc. 31, November 1, 2026, is **GRANTED.**

(iii) Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, Request for Expedited Briefing and Hearing, and Memorandum in Support, Doc. 30, filed November 1, 2026, is **DENIED.**

(iv) Plaintiff's Motion for Expedited Ruling or, in the Alternative, for a Status Conference, Doc. 35, filed November 17, 2026, is **DENIED.**

(v) Plaintiff shall, within 30 days of filing of the second amended complaint, either: (a) serve each Defendant named in the second amended complaint and file proof of service; or (b) file proof that they have previously been served. Proof of service must be by the server's affidavit.

**UNITED STATES DISTRICT JUDGE**